IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE LEARONE McCURDY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-cv-02669-C (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Tyrone Learone McCurdy, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY McCurdy's petition.

I.

Despite his claims of self-defense, a Hunt County jury found McCurdy guilty of murdering his long-time rival, Treybbian Nelson, by shooting Nelson with a firearm as Nelson ran away. And having been convicted of two prior felonies, McCurdy was sentenced to fifty years' imprisonment. The Texas Sixth Court of Appeals affirmed his conviction and sentence. *McCurdy v. State*, 06-12-00206-CR, slip opinion (Tex. App.—Texarkana 2013, pet. ref'd). The Texas Court of Criminal Appeals (CCA) refused McCurdy's petition for discretionary review (PDR), *McCurdy v. State*, Case No. PD-1458-13 (Tex. Crim. App. 2014), and the

1

United States Supreme Court denied McCurdy's petition for writ of certiorari. *McCurdy v. Texas*, 135 S. Ct. 439 (2014).

McCurdy subsequently filed a state application for a writ of habeas corpus challenging his conviction. While this application was pending, McCurdy filed his § 2254 petition (ECF No. 2) in this Court on September 13, 2016.[1] In his petition, McCurdy claims:

1. The prosecutor engaged in prosecutorial misconduct by:

    a. failing to disclose a plea offer made with McCurdy's co-defendant in exchange for his cooperation and testimony at McCurdy's trial; and

    b. suborning perjury and failing to correct testimony provided by McCurdy's co-defendant.

2. His trial attorney provided ineffective assistance of counsel by:

    a. failing to object to the scientific testimony from Detective Mike Johnston;

    b. failing to consult with or call a ballistics expert at trial to support McCurdy's defense theory; and

    c. failing to object to the prosecutor's closing argument and allowing the jury to watch a highly inflammatory video of the deceased.

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, McCurdy signed and dated his petition September 13, 2016. Pet. 11 (ECF No. 2). The Court presumes McCurdy gave his petition to prison officials on the same date for mailing to the Clerk.

This Court stayed and administratively closed the case pending exhaustion of McCurdy's state court remedies.

The CCA denied McCurdy's state application in a written order, based on the trial court's findings, conclusions, and an independent review of the record. McCurdy then moved this Court to reopen his federal case, which it did on December 17, 2018. The Court received additional briefing from McCurdy. Accordingly, the petition is now fully-briefed and ripe for determination.

## II.

### A.  First and Second Claims

In his first claim, McCurdy argues that the prosecutor engaged in prosecutorial misconduct when she failed to disclose evidence of a plea offer she made to his co-defendant, Bernard Kelly, in exchange for Kelly's cooperation and testimony at McCurdy's trial. Pet. 6 (ECF No. 2); Mem. 2-3 (ECF No. 21). In his second claim, McCurdy argues that the prosecutor committed prosecutorial misconduct when she suborned perjury from Kelly and failed to correct Kelly's testimony that she knew was false. Pet. 6 (ECF No. 2); Mem. 3-5 (ECF No. 21). McCurdy claims that Kelly's testimony was material because it "materially affected the outcome of [his] case." Pet. 6 (ECF No. 2).

While the State may "prosecute with earnestness and vigor," it still must "refrain from improper methods calculated to produce a wrongful conviction." *United States v. Young*, 470 U.S. 1, 7 (1985) (quotation omitted). A court reviews a claim of prosecutorial misconduct, when alleged in a habeas corpus proceeding,

3

to determine whether it "so infected the trial with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996)). "[T]he Due Process Clause does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011). "Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Due process is only violated when the alleged conduct deprived the petitioner of his right to a fair trial. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Id.* Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *See Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the prosecution must turn over evidence favorable to the accused upon request. *Id.* at 87. To show a *Brady* violation, a petitioner must demonstrate: (1) the prosecution suppressed evidence, (2) the suppressed evidence was favorable to him, and (3) the suppressed evidence was material. *See Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *see also Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) ("The evidence at issue must be favorable

4

to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.").

"[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (citations omitted). A petitioner is denied due process when the State uses perjured testimony at trial or allows false testimony to go uncorrected. *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *see also Anderson v. Davis*, 2021 WL 3040771, at *9 (N.D. Tex. May 13, 2021). Perjury is the offering of "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). To demonstrate perjury, a petitioner must show: (1) the testimony was false; (2) the state knew it was false; and (3) the testimony was material. *See Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993). Perjured testimony is deemed material only when "there is any reasonable likelihood that [it] could have affected the jury verdict." *Barrientes*, 221 F.3d at 756 (quoting *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997)); *see also Carpenter v. Director*, 2019 WL 3956140, at *9 (E.D. Tex. July 9, 2019). Perjured testimony is not established by a witness's contradictory or inconsistent testimony. *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001); *see also Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

In an affidavit before the state habeas court, the lead prosecutor, Lauren Hudgeons, addressed McCurdy's allegations that she engaged in prosecutorial misconduct. State Habeas Ct. R. at 130-34. Hudgeons explained that she made a plea offer to Kelly prior to McCurdy's trial; Kelly rejected the offer; and no other offer or agreement existed at the time of McCurdy's trial. *Id.* at 130-31. Hudgeons also explained that she understood Kelly was cooperating because "McCurdy coerced him into driving the getaway car after Mr. McCurdy shot and critically injured Mr. Kelly's cousin, [Nelson], and Mr. Kelly wanted justice for both himself and his cousin." *Id.* at 130.

For his part, McCurdy fails to show that any evidence was suppressed. Specifically, he fails to show any plea offer or agreement existed and needed to be disclosed to either McCurdy or his trial attorney. Moreover, McCurdy fails to show that Kelly's testimony—that he was not promised or offered anything in exchange for testifying—was false. For these reasons, McCurdy has not demonstrated a prosecutorial misconduct claim in violation of *Brady* or *Giglio*. McCurdy also has not shown that the allegedly withheld evidence or false testimony was material to the outcome of his trial.

When addressing these claims, the state habeas court found:

1. The Court finds that there was no plea agreement between counsel for the State and Bernard Kelly and/or his attorney for his testimony in Applicant's trial that was required to be turned over to Applicant or his counsel.

2. The Court finds that Applicant has failed to show that any plea offer made to Bernard Kelly or his attorney for his testimony in

6

        Applicant's trial was not turned over by counsel for the State to Applicant or his counsel.

3.     The Court finds that the State did not knowingly elicit false testimony or fail to correct false testimony from Bernard Kelly at the trial of Applicant.

4.     The Court finds that, even had there been an agreement that was required to be disclosed, a review of all of the evidence, including the Applicant's own actions and statements, and the testimony of two separate eyewitnesses other than Bernard Kelly who corroborated Bernard Kelly's testimony, establishes that there was not a reasonable probability the result of the trial would have been different had the agreement been disclosed.

. . . .

2.     Because the Court finds that there was no agreement made between counsel for the State and Bernard Kelly or his counsel in exchange for his testimony, or even a loose promise or understanding that Bernard Kelly would receive some benefit for testifying against Applicant, as a matter of law the *Brady/Giglio* claim has failed because Applicant has failed to meet the first prong of the three prong test, specifically that the prosecutor suppressed evidence, and therefore the State did not violate *Brady*. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 92 S. Ct. 763 (1972); *see also Mahler v. Kayo*, 537 F.3d 494 (5th Cir. 2008).

3.     Even if the conversations between counsel for the State and counsel for Bernard Kelly regarding Bernard Kelly's testimony at Applicant's trial could be considered an agreement to testify as would be required to be turned over under the law, to prevail under a *Brady/Giglio* claim the Applicant must show the evidence suppressed was material. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 92 S. Ct. 763 (1972); *see also Mahler v. Kayo*, 537 F.3d 494 (5th Cir. 2008). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *U.S. v. Bagley*, 105 S. Ct. 3375 (1985). As a

>   matter of law, based on this court's findings of fact in paragraph four above, the evidence was not material.
>
> 4.   In light of this court's findings of fact in paragraph three above, that counsel for the State did not knowingly elicit false testimony or fail to correct it, this Court finds as a matter of law Applicant's Due Process rights under the United States Constitution and Due Course of Law rights under the State of Texas Constitution were not violated.

State Habeas Ct. R. Supp. May 12, 2016 at 7-8, 10-11.

> 7.   The Court finds that the State did not elicit false testimony at trial, but even had it done so, Applicant has failed wholly to establish that there is a reasonable likelihood that it affected the judgment of the jury as evidenced by the record in this hearing, the previous hearing on March 6th, 2016 and the previous findings of fact and conclusions of law.

State Habeas Ct. R. Supp. Sept. 25, 2017 at 92. The state habeas court's factual findings were fully supported by the evidence before that court, and McCurdy has failed to overcome the accuracy of those factual findings by presenting this Court with clear and convincing evidence to the contrary.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, provides:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>    (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

8

28 U. S. C. § 2254(d)(1). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*. McCurdy has failed to show the state court's denial of his prosecutorial misconduct claims was contrary to, or any unreasonable application of, Supreme Court precedent. Therefore, McCurdy's first and second claims fail.

**B.   Third and Fifth Claims**

In his third claim, McCurdy argues that his trial attorney provided ineffective assistance of counsel by failing to object to the scientific testimony from Detective Mike Johnston on the basis that it was unqualified and unreliable. Pet. 7 (ECF No. 2); Pet. Mem. 5-7 (ECF No. 21). McCurdy argues in his fifth claim that his trial attorney additionally failed to object to the prosecutor's closing argument and allowed the jury to watch a highly inflammatory video. Pet. 8 (ECF No. 2); Pet. Mem. 9-10 (ECF No. 21).

The Sixth Amendment guarantees a criminal defendant the right to reasonably effective assistance of counsel. U.S. Const. amend. VI; *see also Cuyler*

9

*v. Sullivan*, 446 U.S. 335, 344-45 (1980). To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *see also Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did not make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards,

10

provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1).

Following evidentiary hearings, which included testimony from McCurdy's trial attorney, Royal Mullins, the state habeas court denied relief on McCurdy's third claim. The state habeas court found:

> 5. The Court finds that Applicant has failed to show that trial counsel for Mr. McCurdy was ineffective for failing to object to the alleged scientific testimony of Detective Mike Johnston. Specifically, the Court finds that Applicant has failed to show that Detective Mike Johnston was testifying as a ballistics expert, or that his testimony was anything more than what he could reasonably testify to based on his training and experience as a Detective who has investigated many homicides with the Greenville Police Department.
>
> 6. The Court finds that even if the testimony of Detective Mike Johnston could have been considered that which would require an expertise in ballistics, something Detective Mike Johns[t]on admitted he does not have, Applicant has failed to prove that there was no trial strategy in his trial counsel's failure to object to it or produce any evidence that there was a reasonable probability the result of the trial would have been different but for counsel's deficient performance.

State Habeas Ct. R. Supp. May 12, 2016 at 8.

> 1. The Court finds that the testimony of trial counsel, Royal Mullins, was credible. The Court notes the fact that Mr. Mullins is incarcerated and was unable to access his trial files, if they exist, in order to prepare for his testimony.
>
> 2. The Court finds that trial counsel was not deficient in his performance and even if he was, applicant was not prejudiced.

11

> 3. The Court finds that trial counsel's failure to object to Detective Mike Johnston's testimony at trial was the result of sound trial strategy as evidenced by the record and not deficient in any way. The Court further finds no harm to Applicant for failing to object to Detective Johnston's testimony.

State Habeas Ct. R. Supp. Sept. 25, 2017 at 91-92. In denying relief on McCurdy's fifth claim, the state habeas court found:

> 10. The Court finds that Applicant's failure to object to a video of deceased dying that was playing at trial was not a deficiency in performance since the video was admissible over any objection that counsel could have made.
>
> 11. The Court finds that even if Applicant's trial counsel had made an objection that would have been sustained had he made it, that Applicant has failed to show that there is a reasonable probability the result of the trial would have been different but for counsel's deficient performance.
>
> 12. The Court finds that Applicant's trial counsel's performance was not deficient and even if it was Applicant was not prejudiced.

State Habeas Ct. R. Supp. May 12, 2016 at 9.

> 5. The Court finds that trial counsel's failure to object when a video of the deceased lasting approximately fifteen minutes was played at trial was the result of sound trial strategy as evidenced by the record and not deficient in anyway. The Court further finds no harm to Applicant for failing to object when a video of the deceased lasting approximately fifteen minutes was played at trial.
>
> 6. The Court finds that in all three claims of ineffective assistance of counsel, Applicant has failed to meet its burden to show trial counsel was ineffective.

State Habeas Ct. R. Supp. Sept. 25, 2017 at 92.

12

The state habeas court found that McCurdy's trial attorney's decision not to object in both instances was reasonable trial strategy because McCurdy did not show that the detective was testifying as an expert witness and because the video of the victim was admissible evidence. State Habeas Ct. R. Supp. May 12, 2016 at 9; State Habeas Ct. R. Supp. Sept. 25, 2017 at 92. A state court's credibility determinations are entitled to a presumption of correctness unless the petitioner comes forward with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "[C]redibility determinations made on the basis of conflicting evidence are entitled to a presumption of correctness and are 'virtually unreviewable' by the federal courts." *Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Brumfield*, 576 U.S. at 314.

McCurdy's third and fifth claims lack merit because he has failed to overcome the strong presumption in favor of finding that trial counsel rendered adequate assistance and that his actions were sound trial strategy. *See Strickland*, 466 U.S. at 689 (A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'")

13

(citation omitted); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]") (quoting *Strickland*, 466 U.S. at 689); *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.") (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)). In addition, McCurdy has failed to meet his burden of demonstrating his attorney's actions prejudiced his trial or that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. 693-94; *see also Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) ("To demonstrate prejudice under *Strickland,* [a petitioner] must show that counsel's performance was 'so serious as to deprive [him] of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. at 687).

McCurdy fails to allege any specific facts showing the state habeas court's factual findings about his ineffective assistance of counsel claims were erroneous. He also fails to present any evidence demonstrating that the state habeas court's factual findings were erroneous. Therefore, McCurdy fails to overcome the AEDPA's deferential standard of review because he has failed to demonstrate that the state court's rejection of his third and fifth claims was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court. Accordingly, McCurdy's third and fifth claims should be denied.

## C. Fourth Claim

Last, McCurdy argues in his fourth claim that his trial attorney provided ineffective assistance of counsel by failing to consult with or call a ballistics expert at trial to support his self-defense theory. Pet. 7 (ECF No. 2); Pet. Memo. 8-9 (ECF No. 21).

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984)); *see also Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (citing *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). To show ineffective assistance of counsel in the context of an uncalled witness, a petitioner must: (1) name the witness he would have called; (2) show the uncalled witness would have been available to testify; (3) show the uncalled witness would have testified; and (4) show there is a reasonable probability the uncalled witness would have provided testimony that would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (per curiam) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)); *see also Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984) (petitioner failed to meet his burden of showing that uncalled witnesses would have testified favorably to his case). When "the only evidence of a missing witnesses' [sic] testimony is from the [petitioner], this Court views the claims of

15

ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (quoting *Lockhart*, 782 F.2d at 1282). Generally, when a petitioner fails to present at least some evidence from an uncalled witness regarding the witness's potential testimony and willingness to testify, it is fatal to an ineffective assistance of counsel claim. *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007); *see also Sayre*, 238 F.3d at 636.

At the outset, McCurdy's fourth claim fails because he fails to provide any support for the bare allegations made in support of his fourth claim. Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); see also *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). Conclusory allegations unsupported by specifics are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). McCurdy's fourth claim is based on conclusory allegations, and it should be dismissed on this basis alone.

16

McCurdy's fourth claim also fails on the merits. McCurdy has not shown how his attorney's failure to consult or call a ballistics expert fell below an objective standard of reasonableness. On August 4, 2017, McCurdy's trial attorney testified that he did not request a ballistics expert from the trial court to aid in preparing for trial or to serve as an expert witness at trial because he discussed it with McCurdy, and the State's witness, Mike Johnston, was a law enforcement officer who would testify about his own knowledge and experience, but because he did not have the qualifications of an expert in the field of ballistics, his opinions would not weigh as heavily with the jury. State Habeas Ct. R. Supp. Sept. 25, 2017 at 49-50. Moreover, even if McCurdy had shown deficient performance by his attorney, he has not demonstrated that there is a "reasonable probability" that the uncalled witness would have made a difference in the outcome of his trial. The state habeas court found that McCurdy took actions and made statements that were harmful to his case. State Habeas Ct. R. May 12, 2016 at 2. Additionally, there were two eyewitnesses at trial, in addition to Kelly, which certainly was evidence that impacted the outcome of McCurdy's trial. *Id.* In sum, McCurdy has not demonstrated that his attorney provided ineffective assistance of counsel.

In denying McCurdy's fourth claim, the state habeas court found:

4.    The Court finds that trial counsel's failure to call or consult a ballistics expert was the result of sound trial strategy as evidenced by the record and not deficient in any way. The Court further finds no harm to Applicant for failing to call or consult a ballistics expert.

State Habeas Ct. R. Supp. Sept. 25, 2017 at 92.

17

"Surmounting *Strickland's* high bar is never an easy task." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Padilla v. Kentucky*, 559 U.S. 35, 371 (2010)). Moreover, showing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more difficult. *Id*. This is so because the standards set forth in *Strickland* and § 2254(d) are "highly deferential." *Id*. (quoting *Strickland*, 466 U.S. at 689). McCurdy has failed to show that denial of relief on his fourth claim was unreasonable, and he has not overcome the "highly deferential" standards that apply here.

For all these reasons, McCurdy's fourth claim should be denied.

### III.

For the foregoing reasons, the Court should DENY McCurdy's § 2254 petition with prejudice.

Signed October 5, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).